IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS RODRIGUEZ, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| HOTEL ZAZA HOUSTON, | § | |
| Z RESORTS MANAGEMENT, LLC | § | Cause No.4:18-cv-00729 |
| LEE MAYS, DEREK CRIDDLE, | § | |
| TERRANCE PHELPS, S.A. DUVALL | § | |
| AND SOVEREIGN SERVICES OF | § | |
| HOUSTON | § | |
|    Defendant. | § | |

## DEFENDANT DUVALL'S MOTION TO DISMISS

COMES NOW, Officer S.A. Duvall ("Duvall"), and files his Motion to Dismiss in this cause, and, if allowed, would show this court the following:

### I.     INTRODUCTION

This case stems from the detention and arrest of Plaintiff, Carlos Rodriguez, by Officer S.A. Duvall on January 1, 2016. Duvall, was off-duty that night working security at the Hotel ZaZa. Based on a series of complaints, Duvall approached the hotel room that was the subject of the complaints, and was granted entry by an occupant.

Upon entry, Duvall, having noted an aroma of marijuana, moved to detain Plaintiff once he observed actions that risked the loss of evidence and so that he could further investigate. Duvall, after announcing that he was a police officer, moved to handcuff Rodriguez during the detention in order to preserve evidence that was in plain view. Rodriguez failed to comply and resisted. Duvall employed a foot sweep in order to handcuff Rodriguez as swiftly as possible so

as to keep Rodriguez from reaching and destroying evidence, harming Duvall, himself, or others. Rodriguez fell on his face and sustained injuries.

Rodriguez initially sued the Hotel Zaza and its parent company. On December 27, 2017, Rodriguez sued Duvall claiming violations of his First, Fourth, and Fourteenth amendment rights, especially as it relates to excessive force. Duvall files this motion to dismiss several of plaintiff's claims and asserts that he is entitled to qualified immunity as to the remaining claims in this case.

## II. SUMMARY OF ISSUES

1. **Did Plaintiff assert facts to establish a First Amendment Freedom of Association violation by Duvall?**
2. **Do Plaintiff's facts give rise to any Fourteenth Amendment violations?**

## III. MOTION TO DISMISS STANDARD

In order to survive a Rule 12(b)(6) motion, a plaintiff must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). For a claim to be facially plausible, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" and must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556).

When ruling on a 12(b)(6) motion, the Court must accept the complaint's factual allegations as true. *Id*. However, a Court should not accept as true mere legal conclusions, and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Moreover, where it is evident from the

factual allegations set forth in a plaintiff's complaint that his claims do not apply to the defendant, the Court must dismiss those claims. See *Kansas Reinsurance Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994). In reviewing a motion to dismiss under Rule 12(b)(6), the court must accept the well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed. 517 (1993). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Alt. Corp. v. Twombly*, 550 U.S. 544 at 570. Thus, the plaintiff must "'raise a right to relief above the speculative level.'" *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570).

## IV.   ARGUMENT

### a. Plaintiff Fails to Satisfy His Pleading Burdens as to his First Amendment Claims

In paragraph twenty-nine of Plaintiff's First Amended Complaint and Supplemental Petition, Plaintiff alleges:

> Plaintiff arrived at the Hotel ZaZa at approximately 11 p.m. on December 31, 2015. Sometime after midnight on January 1, 2016, Plaintiff was seated at a dining table inside a guest room talking with friends when Hotel ZaZa Security unlawfully entered Plaintiff's guest room without Plaintiff's consent, violating his rights of privacy and freedom of association. Plaintiff was not doing anything other than talking with friends and was not engaged in any illegal activity.

The Supreme Court recognizes the Freedom of Association in two specific contexts, as stated in *Roberts v. United States Jaycees*:

> Our decisions have referred to constitutionally protected 'freedom of association' in two distinct senses. In one line of decisions, the

> Court has concluded that choices to enter into and maintain certain intimate human relationships must be secured against undue intrusion by the State because of the role of such relationships in safeguarding the individual freedom that is central to our constitutional scheme. In this respect, freedom of association receives protection as a fundamental element of personal liberty. In another set of decisions, the Court has recognized a right to associate for the purpose of engaging in those activities protected by the First Amendment—speech, assembly, petition for the redress of grievances, and the exercise of religion. The Constitution guarantees freedom of association of this kind as an indispensable means of preserving other individual liberties. *Roberts v. United States Jaycees*, 468 U.S. 609, 617–18, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984).

As the court clarified, the first category—those that involve intimate human relationships are those such as marriage and family, and the personal affiliations that necessarily "attend the creation and sustenance of these highly personal relationships." *Id.* at 618-20; *Hobbs v. Hawkins*, 968 F.2d 471, 482 (5th Cir.1992). The second right recognizes "associational rights derivative of the First Amendment rights of speech, assembly, petition for redress of grievances, and exercise of religion. *Id.*

Plaintiff's own pleadings tell this court that the "association" that he had was with friends in a hotel room. Without more, this gathering of friends cannot form the basis of Plaintiff's First Amendment claims. "Friendships…generally do not form the type of 'intimate associations' which are protected by the Constitution." *Reno v. Metropolitan Transit Auth.*, 977 F.Supp. 812, 825 (S.D.Tex. 1997)(citing *Roberts v. United States Jaycees,* 468 U.S. 609, 620, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984)).

As Plaintiff's association cannot serve as the basis of a protected constitutional right, Officer Duvall's presence that night could not, logically, have served as the basis of constitutional violation. Officer Duvall asks that this court dismiss all of Plaintiff's Freedom of Association claims.

### b. Plaintiff's Allegations Do Not Give Rise to a Fourteenth Amendment Claim

In several paragraphs of Plaintiff's petition, he claims that Duvall deprived him of his Fourteenth Amendment rights. However, Plaintiff fails to put forth facts that would give rise to a Fourteenth Amendment claim. No facts within the petition meet the *Twombly* elements for a Fourteenth Amendment due process claim. Nor does the petition satisfy the elements of an excessive force complaint under the Fourteenth Amendment.

There is no sufficient fact in the petition that shows a Fourteenth Amendment due process violation. Based on plaintiff's allegations, the District Attorney's Office "refused to bring any charges against Plaintiff or otherwise prosecute him with respect to the incident falsely reported by Duvall and the Hotel Security. (Dkt. __, p. 5, ¶ 22). An allegation of a "false police report" is not enough to support a Fourteenth Amendment claim. Rather, Rodriguez must indicate that the false report was the basis for the deprivation of his liberty, which he cannot; the arrest was made prior to the report, and there was no subsequent prosecution, and therefore, could not have led to the deprivation of liberty. See *Donley v. Ordeneaux*, No. 09–6422, 2010 WL 235024, at *2 (E.D.La. Jan.14, 2010) (dismissing plaintiff's false report claim because he made no allegations that the false report resulted in his arrest or the deprivation of his life, liberty, or property); *Ballard v. Hedwig Vill. Police Dep't*, No. H–08–0567, 2009 WL 2900737, at *4 (S.D.Tex. Sept.2, 2009) (finding that plaintiff's § 1983 claims for falsification of police reports failed in part because there were no allegations that the reports resulted in the plaintiff's false conviction); see also *Correia v. Town of Framingham*, 969 F.Supp.2d 89, 98 (D.Mass.2013); *Edwards v. Zeese*, No. 1:13–CV–29 (WLS), 2013 WL 1833271, at *3 (M.D.Ga. May 1, 2013); *Ratliff v. Kaminsky*, No. CV 11–2202–PHX–DGC (MHB), 2012 WL 273715 (D.Ariz. Jan.31, 2012); *Bell v. Johnson*, No. 7:09–cv–214, 2011 WL 1226003, at *10 (W.D.Va. Mar.30, 2011); *Lawrence v. City of St. Paul*, 740

F.Supp.2d 1026, 1038–39 (D.Minn.2010); *Bush v. City of Phila.*, No. Civ. A 98–0994, 1999 WL 554585, at *4 (E.D.Pa. July 15, 1999); *White v. Tamlyn*, 961 F.Supp. 1047, 1056 (E.D.Mich.1997); *Comfort v. Town of Pittsfield*, 924 F.Supp. 1219, 1230 (D.Me.1996).  On its face, Rodriguez' pleading refutes that any deprivation of liberty occurred because no prosecution occurred.

Moreover, Plaintiff's allegations regarding Duvall's actions all stem from actions taken by Duvall *prior* to Rodriguez being booked into jail, which are best characterized as a Fourth Amendment claims and not Fourteenth Amendment claims.    Both the Fourth and Fourteenth Amendments  of the constitutional protect citizens against excessive force by officers acting under color of law.  See *Graham v. Connor*, 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (Fourth Amendment); *Valencia v. Wiggins*, 981 F.2d 1440, 1446 (5th Cir.1993) (citing *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)); *Whitley v. Albers*, 475 U.S. 312, 320–21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (Fourteenth Amendment).  However, while the Fourth Amendment protects against unreasonable seizures, the Fourteenth Amendment guarantees due process of law for persons subject to detention.  An arrested person is seized within the meaning of the Fourth Amendment.  *Kaupp v. Texas*, 538 U.S. 626, 621, 123 S.Ct. 1843, 155 L.Ed.2d 814 (2003).  In contrast an institutionalized person is a detainee entitled to Fourteenth Amendment protections.  *Deshaney v. Winnebago County Dept. of Soc. Serv.*, 489 U.S. 189, 200, 109 S. Ct. 998, 103, L.Ed.2d 249 (1989).

There is no bright line rule as to when a seizure ends and detention begins. See *Graham*, 490 U.S. at 395 n. 10, 109 S.Ct. 1865. "A rational rule of thumb in ordinary cases would consider the Fourth Amendment as governing from the moment of arrest until the person is institutionalized. That rule makes eminent sense when an arrestee is immediately transported to

a jail, police station, or hospital for booking or admittance." *Batiste v. City of Beaumont*, 426 F. Supp. 2d 395, 401 (E.D. Tex. 2006).  In this instance, Plaintiff makes no complaints against Duvall beyond the arrest, therefore, any acts complained of by Plaintiff must be analyzed under Fourth Amendment analysis only, and not under Fourteenth Amendment analysis.  Based on the foregoing, Duvall asks that this court dismiss all of Plaintiff's Fourteenth Amendment claims, as a matter of law.

        Respectfully submitted,

        RONALD C. LEWIS
        City Attorney

        DONALD J. FLEMING
        Section Chief, Labor, Employment, & Civil Rights

        By:  */s/  Connica Lemond*
        CONNICA LEMOND
        Assistant City Attorney
        Attorney in Charge
        State Bar No. 24031937
        Fed. Bar No. 435483
        Connica.Lemond@houstontx.gov
        Tel. (832) 393-6208

        NATALIE G. DELUCA
        Senior Assistant City Attorney
        State Bar No. 24045772
        Fed. Bar No. 570841
        Natalie.Deluca@houstontx.gov
        Tel. (832) 393-6272

        CITY OF HOUSTON LEGAL DEPARTMENT
        P.O. BOX 368
        Houston, Texas  77001-0368
        Fax (832) 393-6259

        ATTORNEYS FOR DEFENDANT,
        OFFICER S.A. DUVALL

## CERTIFICATE OF SERVICE

I certify that on March 8, 2018, I served a copy of foregoing pleading on the parties by serving counsel of record listed below by the manner indicated below:

S. Reed Morgan
State Bar No. 14452300
The Carlson Law Firm
100 E. Central Texas Expy
Killeen, Texas  76541
800-359-5690 – phone
254-526-8204 – facsimile
ATTORNEY FOR PLAINTIFF
*via facsimile*

Maria Fox
State Bar No. 07335250
2727 Allen Parkway, Suite 1880
Houston, Texas 77019
713-362-8307 – phone
713-362-8302- – facsimile
mfox@feesmith.com
**ATTORNEY FOR DEFENDANTS HOTEL ZAZA, Z RESORTS MANAGEMENT and LEE MAYS**
*via email*

Derek Criddle, pro se
2423 Buttonhill Drive
Missouri City, Texas  77489
832-689-2325 – mobile
Criddle_Derek@yahoo.com
*via email*

Terrance Phelps
4630 Brownstone Lane
Houston, Texas  77053
***Via CMRRR***

　　　　　　　　　　　　　　　　　　　　/s/  Connica Lemond
　　　　　　　　　　　　　　　　　　　　Connica Lemond