THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CARLOS RODRIGUEZ,<br>　　Plaintiff,<br><br>vs.<br><br>HOTEL ZAZA HOUSTON,<br>Z RESORTS MANAGEMENT, LLC,<br>S.A. Duvall et al.<br>　　Defendants. | Cause No. 4:18-cv-00729<br><br>JUDGE BENNETT |

### PLAINTIFF'S REPLY BRIEF TO RESPONSE TO MOTION TO REMAND

MAY IT PLEASE THE COURT:

The crux of the defendant's argument in response to the plaintiff's motion to remand is that the language of the plaintiff's amended complaint is irrelevant, and that the amended causes of action should be interpreted to be federal law causes action because the acts committed by the defendant against the plaintiff have not changed.

The problem is their argument is spurious. The plain language of the amended complaint articulates no cause of action under the 42 U.S.C. § 1983 as stated in Parratt v. Taylor. There is no claim alleging that: (1) the conduct complained of was committed by a person acting under color of state law; or that, (2) such conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981). This strips their argument of any merit.

The defendant writes in his response, "Plaintiff simply tries to state it has dismissed the federal claims while alleging the same facts that give rise to the claims. This "artful drafting" is simply the plaintiff trying to avoid having this court render a decision based on the federal claims that he is making." Def's Resp. Mot. Rem., 7, ECF No. 16. Defendant is incorrect. Plaintiff has been clear, he has pled no 42 U.S.C. § 1983 cause of action. Under Parratt v. Taylor, he cannot pursue this action.

The defendant cites Hall v. City of Alexandria as authority for the proposition that a court may "see through" the language of the pleadings and find the "true basis" of the cause of action to be federal law claims, and thus on that basis that this Court should deny remand (and hear the plaintiff's state law claims which, defendant argues, are truly federal law claims). Def's Resp., 6, ECF No. 16.

Hall v. City of Alexandria was a Louisiana case where the plaintiff originally brought suit against two police officers and the City of Alexandria, Louisiana for battery and wrongful arrest. After the City removed the case under 28 U.S.C. § 1331 and 1441, Hall moved to remand based on the assertion that his claims were brought solely under state law and lack of subject matter jurisdiction. The Court ruled for the City, holding that Hall had mischaracterized his own claims in bad faith in order to conceal them as state law claims and defeat federal question jurisdiction. *Hall v. City of Alexandria,* 111 F. Supp. 2d 785, 788 (W.D. La. 2000). This case is distinguished from the instant matter. In Hall, supra., the court found that because Hall's complaint stated that the two officers were "acting in the course and scope of their employment as police officers for the City of Alexandria", and that the officers had used excessive force and falsely arrested him (Fourth Amendment violations), and that he was concealing federal law claims without explicitly stating them. And, thus, the Court had subject matter jurisdiction and would not remand the case, nor would they remand it based on their discretion if he amended his complaint in order to remove all federal law claims. *Hall* at 787-88. The Court based their ruling on the requirements of 42 U.S.C. § 1983 as stated in Parratt v. Taylor, which require that the plaintiff have alleged that: (1) the conduct complained of was committed by a person acting under color of state law, and (2) such conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Id*; *Parratt* at 535.

Hall v. City of Alexandria is distinguishable from this case. As shown above, Hall had pled causes of action which had triggered federal question jurisdiction under the "Parratt test," asserting that the officers were acting under color of state law and had violated rights provided him by the

2

Federal Constitution. Without deleting these claims, the plaintiff sought to remand based on the mandatory authority of lack of subject matter jurisdiction. But, he failed to dismiss his subject matter claims discussed in the Parratt v. Taylor holding.

Here, the plaintiff has sought to amend his complaint and does not assert claims against the police officer defendants alleging that they acted under "color of state law." Furthermore, the plaintiff does not seek remand solely based on lack of subject matter jurisdiction, but based on the discretionary authority which this Court has to exercise supplemental jurisdiction when removed cases no longer contain the federal law claims upon which their removal was based.

A plaintiff is the master of his complaint and may avoid federal jurisdiction by exclusive reliance on state law. See *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). *Willy v. Coastal Corp.*, 855 F.2d 1160 (5th Cir. 1988) at 1167; *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913). Plaintiff Rodriguez has sought remand because his amended complaint no longer alleges federal claims.

## SUMMARY OF CLAIMS

Mr. Rodriguez's amended complaint does not allege that the defendant Duvall or his co-defendants were acting under the color of law; rather, that they acted only in their personal capacities and as employees of Hotel Zaza and Z Resorts Management. While the defendant may wish to draw similarities between the cases because the plaintiff also asks for attorneys' fees, plaintiff's requests for attorneys' fees are based on breach of contract for which he was a third-party beneficiary.

## DEFENDANT'S ERRONEOUS ARGUMENTS

The defendant makes a blanket assertion that the claims are the same as in the state court petition based on the facts not having changed. This ignores the words of the amended complaint's causes of action deleting the § 1983 claims, for which plaintiff does not allege that the defendants were acting under color of state law. Therefore, this prong of the Parratt test fails, and there is no §

3

1983 claim. Plaintiff's amended complaint states common law causes of action, not violations of the Constitution or federal law. Neither prongs of the §1983 analysis are triggered and there are no justiciable federal claims pled or insinuated. Plain English words should be given their normal meaning, and legal words are given their legal meaning. *Addison v. Holly Hill Fruit Products, Inc.*, 322 U.S. 607, 617 (1944); *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 615 (2001).

Furthermore, the plaintiff does not seek remand based on lack of subject matter jurisdiction. Remand is based on the discretionary authority of the Court to decline to exercise supplemental jurisdiction, rather than lack of subject matter jurisdiction. The amended complaint completely dismissed the plaintiff's federal law claims, who is exclusively relying on state law claims. This Honorable Court can exercise jurisdiction and hear our state law causes of action. Plaintiff argues that the Court should not exercise jurisdiction over the state law causes of action because it would be improper based on the longstanding principles of federalism and comity.

While defendant argues that common law factors do not weigh in favor of remand, the important interests of federalism and comity heavily favor remand. The Supreme Court has cautioned federal courts to avoid 'needless decisions of state law.' *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Federal courts are courts of limited jurisdiction. On the other hand, state courts define the authoritative meaning of state law. Texas state court is the proper place for these claims to be heard as it has more familiarity with the applicable state law, and has the proper mechanisms through which errors can be appealed. *See Parker & Parsely Petroleum Co. v. Dresser Industries Bj-Tital Services Co.*, 972 F. 2d at 588; *United Gas Pipe Line Co. v. Ideal Cement Co.*, 369 U.S. 134, 135, 82 S.Ct. 676, 677, 7 L.Ed.2d 623 (1962).

Finally, the defendant argues that the plaintiff's motion to remand is premature. While the plaintiff concedes that the Court has not yet ruled on the motion to amend the complaint, we argue

that the motion to remand is not premature. Plaintiff files the motion to remand and thus gives the Court notice as to his intentions and an opportunity to weigh all the relevant factors in their decision as to each motion, rather than adopt a wait and see posture which would prejudice the plaintiff and put the Court and the defendant at a disadvantage as to the foreseeable progress of this case.

## CONCLUSION

The issue the defendant has raised is whether the plaintiff's amended causes of action are sufficiently pled to establish that they are state law causes of action. As stated in Hall v. City of Alexandria, "Generally, the court will look to the face of a complaint to determine the existence of federal question jurisdiction. A plaintiff, however, may not defeat removal by artfully crafting his complaint to omit pleading necessary federal questions. If the court concludes that the plaintiff's failure to plead his federal claims was not in good faith but rather was an attempt to conceal the fact that his claims are truly federal, the court will allow removal. Thus, the court may find that a plaintiffs claims arise under federal law even though the plaintiff has not characterized them as federal claims." *Hall* at 787. (Citations omitted). However, to be characterized as federal claims, the plaintiff's allegations must still trigger the two prongs of the Parratt test. *Id.*

Mr. Rodriguez has not at all mischaracterized federal claims as state law claims. He has withdrawn the federal law claims. He does not allege that the defendant was acting under color of state law, nor does he allege that his claims are based on violations of federal constitutional violations. He basis his causes of action in tort, including the negligent conduct of the Hotel, the defendant's willful assault and battery, and common law false imprisonment. He does not need to obfuscate those claims in order to demand remand. He is asking the Court in its discretion to remand this case so that the state trial courts of Texas, the proper forum, can hear his claims.

        Respectfully submitted,

        */s/ S. Reed Morgan*
        ATTORNEY

        THE CARLSON LAW FIRM
        Texas State Bar No: 14452300
        100 E. Central Texas Expy
        Killeen, TX 76541
        Telephone: (800) 359-5690
        Facsimile: (254) 526-8204
        E-Mail: rmorgan@carlsonattorneys.com

## **CERTIFICATE OF SERVICE**

In conformity with, I hereby certify that a true and correct copy of the above and foregoing instrument was served upon the following on the 10th day of May, 2018.

**Via E-Service:**

Connica Lemond
Connica.lemond@houstontx.gov
Attorney for SA Duvall

Maria L. Fox
Fee, Smith, Sharp & Vitullo, LLP
2727 Allen Parkway, Suite 1880
Houston, Texas 77019
Attorney for Defendants Z Resorts Management,
Lee Mays and Derek Criddle

/s/ *S. Reed Morgan*
S. Reed Morgan
