UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CARLOS RODRIGUEZ,** § § | |
| **Plaintiff,** § § | |
| vs. § § | |
| § | CA: 4:18-cv-00729 |
| **HOTEL ZAZA HOUSTON,** § § | |
| **Z RESORTS MANAGEMENT, LLC,** § § | |
| **and S.A. DUVALL,** § § | |
| **Defendants.** § § | |

**PLAINTIFF'S AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COMES NOW** the plaintiff, CARLOS RODRIGUEZ, continuing to complain of the defendants HOTEL ZAZA HOUSTON and Z RESORTS MANAGEMENT, LLC and adding as defendants HOTEL ZAZA HOUSTON'S security guards, Lee Mays, Derek Criddle, Terrance Phelps, and S.A. Duvall, and Sovereign Services of Houston, and for cause of action alleges:

### I.    PARTIES

1. Plaintiff Carlos Rodriguez ("Plaintiff' or "Mr. Rodriguez"), is a resident of Houston, Harris County, Texas, who at all times material was a business invitee of one or more of the Defendants, with the accompanying rights and privileges for safe service and care.

2. Defendant Hotel Zaza Houston ("Hotel Zaza") is at 5701 Main Street, Houston, Harris County, Texas. Hotel Zaza Houston is owned and managed by Z Resorts Management, LLC.

3. Defendant Z Resorts Management, LLC ("Z Resorts Management") is a limited liability

company formed pursuant to the laws of the State of Texas and registered to business in the State of Texas.

4. <u>Defendant Sovereign Services of Houston</u> ("Sovereign Services") is a company operating in Houston, Texas, that managed the Houston Police Department ("HPD") security guards, who were working off-duty for Hotel Zaza with its security personnel ("Hotel Security") at the time in question. It is alleged that they were negligent in the supervision and training of their security guards, contributing to the injury and damages to Rodriguez.

5. <u>Defendant S.A. Duvall,</u> an off-duty HPD officer ("Duvall"), without justification, used violence against Mr. Rodriguez, wrongfully arrested Mr. Rodriguez, wrongfully entered his guest room in Hotel ZaZa, and wrongfully caused injury to his mouth, teeth, lips, face, and caused the loss of his two front teeth.

6. <u>Defendant Lee Mays, Derek Criddle, and Terrance Phelps</u> ("Mays," "Criddle," and "Phelps," respectively, and "Hotel Security" collectively with Duvall) are citizens employed at Hotel ZAZA as security guards.

7. Mr. Duvall was working as a security guard and is sued as an agent and employee of Hotel ZAZA for his intentional torts and for conspiring with defendants Mays, Criddle, and Phelps to assault, batter, falsely arrest and imprison, and intrude upon the seclusion of the Plaintiff, which torts were causes of Plaintiff's harm.

8. Plaintiff alleges that Hotel Security guard Duvall was employed as a security guard under the retained and direct control of Hotel ZaZa agents on the night in question.

9. Duvall was brought to the hotel room by Hotel Security Phelps and Criddle where Plaintiff was a guest at a private party in a rented room.

10. Duvall and the Hotel Security guards Phelps and Criddle, conspiring with and among one another, did jointly decide that they would, in violation of Texas state law, unlawfully enter the hotel room where Plaintiff was located with the intent to use violence against the person of Mr. Rodriguez.

11. Defendant hotel ZAZA has ratified this misconduct, and given it a seal of approval in the instant matter.

12. Pleading alternatively, Duvall determined he would enter the private hotel room of Mr. Rodriguez unlawfully, and Criddle and Phelps did nothing to stop him and to protect Mr. Rodriguez; and, with the concurrence and consent of the defendant, Hotel ZAZA.

13. Duvall, while working closely with Hotel Security, unlawfully entered Plaintiff's guest room where

Duvall then assaulted, battered, and then falsely arrested Mr. Rodriguez.

14. None of Duvall, Criddle and Phelps were wearing uniforms or visible identifications as either police or private security.

15. Duvall did not identify who he was, and, without cause and maliciously, handcuffed Mr. Rodriguez, rendering Mr. Rodriguez unable to protect his face in a fall, and then foot- swept Plaintiff, causing him to fall abruptly, face-first, knocking out two front teeth and injuring his face and neck;

16. Duvall is liable to Plaintiff for intentionally causing harm, handcuffing Mr. Rodriguez without justification, foot-sweeping him without cause, and lying to the Houston Police department, and making a false report that he was assaulted by and scared of Mr. Rodriguez; alternatively, Duvall committed these acts with gross negligence and a callous disregard for Plaintiff's rights and safety.

17. Hotel ZAZA employees Mays, Criddle, and Phillips are made defendants for conspiring with Duvall to unlawfully enter the private hotel room without cause or justification that Rodriguez was lawfully occupying and for conspiring with Duval to assault, batter, and wrongfully arrest Mr. Rodriguez.

18. Hotel ZAZA employees Mays, Criddle, and Phillips are made defendants for conspiring with Duvall to falsify their report of the incident to cover up their intentional and/or grossly negligent and tortious acts of violence committed against the plaintiff, as has Hotel ZAZA.

19. Hotel ZAZA failed to train or instruct its own Hotel Security guards as to an illegal entry into rented and occupied hotel rooms; and, in fact, has not trained its security guards whatsoever.

20. Hotel ZAZA condoned brutality on its premises and encouraged its security guards to assault certain patrons, in the case, Plaintiff, and ratified this behavior by blaming Mr. Rodriguez instead of its agents and employees.

21. The actions of Duvall were done in the presence of the Hotel Security guards Phillips and Criddle, within their line of vision and in furtherance of their conspiracy, and breach of duty to not deliberately injure and assault their guest.

22. The District Attorney of Harris County refused to bring any charges against Plaintiff or otherwise prosecute him with respect to the incident falsely reported by Duval and the Hotel Security.

23. Plaintiff's injuries include loss of front teeth, loss of wages, mental anguish, pain and suffering, PTSD, and disfigurement, for which he sues defendant Duvall to pay just compensation in the amount of $500,000.00 and to pay punitive damages of three times that amount.

## II. JURISDICTION & VENUE

24. As of the effective date of this amended complaint, the court will no longer have subject matter

jurisdiction except to the extent that it exercises its discretionary supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

25. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b).

### III. FACTS COMMON TO ALL COUNTS

26. On January 1, 2016, Plaintiff was celebrating the new year with friends at the Hotel ZaZa Houston located at 5701 Main Street, Houston, Harris County, Texas.

27. The Hotel Zaza is owned, operated, and managed by Z Resorts Management, LLC. Defendants are responsible for the hiring, training, supervision, and management of security personnel at the Hotel ZaZa.

28. Plaintiff arrived at the Hotel ZaZa at approximately 11 p.m. on December 31, 2015. Sometime after midnight on January 1, 2016, Plaintiff was seated at a dining table inside a guest room talking with friends when Hotel ZaZa Security unlawfully entered Plaintiff's guest room without Plaintiff's consent. Plaintiff was not doing anything other than talking with friends and was not engaged in any illegal activity.

29. However, despite the fact that Plaintiff was not engaged in any illegal activity and was peaceably associating with his friends, Hotel Security guard defendant Duvall, at the insistence and encouragement of Mays, Criddle, and Phillips, quietly walked behind Plaintiff, quickly stood him up, and forcibly twisted Plaintiff's arms behind his back, and then kicked Plaintiff's feet from under him, tripping Plaintiff with Plaintiff's hands behind his back. This violent, unnecessary action, done maliciously and with manifest intent to injure Plaintiff, caused the Plaintiff to fall violently face first to the floor without the ability to brace himself to protect his face. As a result, Plaintiff suffered serious injuries to his face including, but not limited to, loss of teeth and a broken jaw.

### V. CAUSES OF ACTION

30. All of the defendants named herein had a duty to protect invitees from criminal acts, abuse, physical violence, and intentional harm, not to inflict it, and clearly not to inflict it through Hotel Security.

31. All of the defendants named herein had a duty to protect invitees from false arrest, assault, battery, false imprisonment and invasion of privacy.

32. Defendants Hotel Zaza and Z Resorts Management are liable to Plaintiff for the acts and intentional harm committed by their agents, Hotel Security, including their intentional torts of assault and battery

of Plaintiff, either directly for their negligence and gross negligence in the premises, or pursuant to the doctrine of *respondeat superior.*

33. Z Resorts Management owned and/or controlled the premises in which the Plaintiff was injured, and Hotel Security was hired, managed, and supervised by Hotel ZaZa and/or Z Management.

34. Plaintiff was a third-party beneficiary of the contract of the renting party. The plaintiff had a contractual right to be safe in his room from assault, and said contract was violated by the defendants.

35. Defendants Hotel Zaza and Z Resorts Management had a duty to use proper and reasonable care to protect Plaintiff, and the Hotel Security acted negligently, or in the alternative, with gross negligence, or in the alternative intentionally, and their actions proximately caused the Plaintiff's injuries on the premises owned by the Defendants Hotel Zaza and Z Resorts Management.

36. Defendants Hotel Zaza and Z Resorts Management had a duty to respect the privacy of Plaintiff and to not breach his privacy, not intrude upon his seclusion and private affairs, and not make an unwarranted invasion upon his room to assault him, and their endorsement and ratification of these intentional torts and negligence gives rise to their liability to plaintiff.

37. Defendants are liable to Plaintiff for his damages for the actions of their officers, agents, employees, and managers who acted with gross negligence, malice, and, alternatively, general and specific intent to harm Plaintiff.

38. Defendants Hotel Zaza and Z Resorts Management were negligent, acting through their managers and agents Criddle, Mays, and Phelps, and were grossly negligent, in the following manner:

    1) Failing to determine whether the members of the Hotel Security were trustworthy; honest, well-trained and instructed to avoid unreasonably harming patrons;
    2) Providing or allowing Duvall unlawful entry into Plaintiff's guest room;
    3) Failing to have a hotel security guard training program, instructional manual, and guidance for prevention of excess force and illegal entry into the involved hotel room.
    4) Employing Hotel Security that used extreme violence to unreasonably harm Plaintiff without cause;
    5) Encouraging the misconduct of the Hotel Security by failing to instruct them not use unnecessary force, not assault patrons, not illegally enter hotel rooms, and failing to report them to the Houston Police Department for unreasonable and unconscionable use of force;
    6) Defendants knew or should have known that the members of the Hotel Security had a prior

history of violence, presenting a risk of extreme harm to patrons.

7) Failing to maintain a safe place for their invitees with proper supervision and instructions to its managers;

8) Failing to maintain a proper lookout for Plaintiff's safety, as a person of ordinary prudence would have maintained under the same or similar circumstances; and

9) Failing to timely intervene when they saw that the Hotel Security was subjecting Plaintiff to assault and battery.

And, each of the foregoing acts of negligence was, alone or in combination, a direct and proximate cause of Plaintiffs damages.

39. Defendants were negligent and grossly negligent in the following manner:

a) Encouraging abuse and violence of its agents and security personnel;

b) Failing to supervise and train the security guards in a proper manner for dealing with business invitees in the local establishments if they were in violation of local laws or ordinances;

c) Failing to issue proper instructions and rules to its agents/security guards;

d) Failing to report excessive and abusive violence to HPD with respect to the conduct of off duty officer Duvall, who was Hotel ZaZa's agent, involved in this matter;

e) Failing to control the conduct of the involved off-duty HDP officer acting in their presence as abusive Hotel Security.

## VI. DAMAGES

40. As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff suffered bodily injury and other damages that include, but are not limited to:

    a) past, present and future physical pain and suffering and post-traumatic stress syndrome;

    b) past, present and future mental anguish;

    c) past, present and future physical disability;

    d) past, present and future disfigurement;

    e) past, present and future lost income and earning capacity; and

    f) past, present and future medical, hospital, drug, and rehabilitation expenses.

41. Plaintiff seeks prejudgment interest from Defendants at the maximum rate as allowed by law. Further, Plaintiff seeks court costs and post-judgment interest at the maximum amounts allowable by law.

## VII.   ATTORNEYS' FEES

42. Plaintiff was forced to seek the services of the undersigned attorney to prosecute this action and seeks all reasonable and necessary attorney's fees, expenses and court costs. Further, Plaintiff seeks all reasonable and necessary attorney's fees and expenses for any appeal by any Defendants to a higher court of a judgment obtained by Plaintiff herein.

## VIII.   PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that this court cite all defendants herein, and each of them, to answer this amended complaint within the term allowed by law, and that they be found jointly and severally liable, and that on the trial of this cause Plaintiff have judgment as follows:

a) For all compensatory and punitive damages against Defendants for a sum within the jurisdictional limits of the Court, and for joint and several liability;

b) Damages with prejudgment interest as provided by law;

c) Post-judgment interest as provided by law;

d) Reasonable attorney's fees for trial and appeal as pleaded;

e) All costs of court herein, and

f) Such other and further relief at law and in equity to which Plaintiff may be justly entitled.

**PLAINTIFF REQUESTS TRIAL BY JURY.**

Respectfully submitted,
*/s/ S. Reed Morgan*
ATTORNEY
THE CARLSON LAW FIRM
Texas State Bar No: 14452300
100 E. Central Texas Expy
Killeen, TX 76541
Telephone: (800) 359-5690
E-Mail: rmorgan@carlsonattorneys.com
**ATTORNEY FOR PLAINTIFF**

*/s/ Alexander McSwain*
ATTORNEY
THE CARLSON LAW FIRM
Texas State Bar No: 24106292
100 E. Central Texas Expy
Killeen, TX 76541
Telephone: (800) 359-5690
E-Mail: amcswain@carlsonattorneys.com
**ATTORNEY FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

In conformity with Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the above and foregoing instrument was served upon the following on the 25th day of July, 2018.

**Via ECF:**

Jennifer F Callan
Officer of City Attorney
Labor, Employment & Civil Rights Section
P.O. Box 368
Houston, TX 77001-0368
(832) 393-6286
(832) 393-6259 (fax)
Jennifer.Callan@houstontx.gov

Representing S. A. Duvall (Defendant)

Maria L Fox
Fee Smith Sharp and Vitullo, LLP
2727 Allen Parkway
Suite 1880
Houston, TX 77019
713-362-8300
713-650-0027 (fax)
mfox@feesmith.com

Representing Hotel ZaZa Houston, Z Resorts Management, LLC, Lee Mays, Derek Criddle (Defendants)

*/s/ Alexander McSwain*