**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| CARLOS RODRIGUEZ § | |
|     Plaintiff § | |
| § | |
| v. § | Cause No. 4:18-CV-00729 |
| § | (JURY) |
| HOTEL ZAZA HOUSTON, § | |
| Z RESORTS MANAGEMENT, LLC, § | |
| LEE MAYS, DEREK CRIDDLE, § | |
| TERRANCE PHELPS, S.A. DUVALL § | |
| AND SOVEREIGN SERVICES OF § | |
| HOUSTON § | |
|     Defendants § | |

**DEFENDANT DEREK CRIDDLE'S SECOND AMENDED ORIGINAL ANSWER**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

COMES NOW, Defendant, DEREK CRIDDLE, in the above entitled and numbered cause, and files this Second Amended Original Answer to Plaintiff's Amended Complaint, and states as follows:

**A. ANSWER**

1. Regarding Paragraph 1, Defendant lacks sufficient information or knowledge to admit or to deny Plaintiff's residence; therefore, it is denied.

2. Regarding Paragraph 2, Defendant admits that Hotel ZaZa Houston is located at 5701 Main Street, Houston, Harris County, Texas. Defendant lacks sufficient information or knowledge to admit or to deny the remainder of the statements regarding Hotel ZaZa Houston; therefore, it is denied.

3. Regarding Paragraph 3, Defendant lacks sufficient information or knowledge to admit or to deny the statements regarding Z Resorts Management, LLC; therefore, it is denied.

4. Regarding Paragraph 4, Defendant lacks sufficient information or knowledge to admit or to deny whether Sovereign Services of Houston managed the off-duty Houston Police Department security guards or whether they were working off-duty for Hotel ZaZa but denies the remainder of the statements about Sovereign; therefore, it is denied in its entirety.

5. Regarding Paragraph 5, Defendant admits that S.A. Duvall is an off-duty HPD officer but denies that he wrongfully entered the guest room at Hotel ZaZa. As to the remainder of Paragraph 5, Defendant lacks sufficient information or knowledge to admit or to deny the remainder of the statements regarding S.A. Duvall; therefore, it is denied.

6. Regarding Paragraph 6, Defendant lacks sufficient information or knowledge to admit or to deny the statements regarding Lee Mays and Terrance Phelps; therefore, it is denied. As to the statements pertaining to Derek Criddle, it is denied.

7. Regarding Paragraph 7, Defendant admits that S.A. Duvall was an off-duty police officer working at Hotel ZaZa at the time of the incident. Defendant denies that he conspired with Mr. Duvall or anyone else to assault, batter, falsely arrest and imprison, and intrude upon the seclusion of the Plaintiff, and denies the remaining allegations contained in Paragraph 7.

8. Regarding Paragraph 8, Defendant admits that S.A. Duvall was an off-duty HPD policeman working at Hotel ZaZa at the time of the incident but denies the remaining allegations contained in Paragraph 8.

9. Regarding Paragraph 9, Defendant denies the allegations.

10. Regarding Paragraph 10, Defendant denies the allegations.

11. Regarding Paragraph 11, Defendant denies the allegations.

12. Regarding Paragraph 12, Defendant denies the allegations.

13. Regarding Paragraph 13, Defendant denies the allegations.

14. Regarding Paragraph 14, Defendant lacks sufficient information or knowledge to admit or to deny the allegations as to Officer Duvall but denies the remaining allegations contained in paragraph 14.

15. Regarding Paragraph 15, Defendant lacks sufficient information or knowledge to admit or to deny the allegations; therefore, they are denied.

16. Regarding Paragraph 16, Defendant denies the allegations.

17. Regarding Paragraph 17, Defendant denies the allegations.

18. Regarding Paragraph 18, Defendant denies the allegations.

19. Regarding Paragraph 19, Defendant denies the allegations.

20. Regarding Paragraph 20, Defendant denies the allegations.

21. Regarding Paragraph 21, Defendant denies the allegations.

22. Regarding Paragraph 22, Defendant denies the allegations.

23. Regarding Paragraph 23, Defendant lacks sufficient information or knowledge to admit or to deny the allegations of the injuries allegedly sustained by Plaintiff; therefore, they are denied. Defendant denies the remaining allegations contained in Paragraph 23.

24. Regarding Paragraph 24, Defendant admits that the United States District Court for the Southern District of Texas, Houston Division has jurisdiction.

25. Regarding Paragraph 25, Defendant admits that the United States District Court for the Southern District of Texas has jurisdiction, and that the venue is proper in the Houston Division.

26. Regarding Paragraph 26, Defendant admits that Plaintiff was at the Hotel ZaZa Houston on January 1, 2016 but lacks sufficient information or knowledge to admit or to deny the remaining statements; therefore, the remainder of Paragraph 26 is denied.

27. Regarding Paragraph 27, Defendant lacks sufficient information or knowledge to admit or to deny the statements; therefore, they are denied.

28. Regarding Paragraph 28, Defendant denies the allegations.

29. Regarding Paragraph 29, Defendant denies the allegations.

30. Regarding Paragraph 30, Defendant admits that Defendant Criddle is not to intentionally harm any invitees; otherwise, Defendant denies the remainder of the statements.

31. Regarding Paragraph 31, Defendant denies the allegations.

32. Regarding Paragraph 32, Defendant denies the allegations.

33. Regarding Paragraph 33, Defendant admits that he was employed at Hotel ZaZa at the time of the incident. As to the remainder of the paragraph, Defendant lacks sufficient information or knowledge to admit or to deny the allegations; therefore, the remaining statements are denied.

34. Regarding Paragraph 34, Defendant denies the allegations.

35. Regarding Paragraph 35, Defendant denies the allegations.

36. Regarding Paragraph 36, Defendant denies the allegations.

37. Regarding Paragraph 37, Defendant denies the allegations.

38. Regarding Paragraph 38, Defendant denies the allegations.

39. Regarding Paragraph 39, Defendant denies the allegations.

40. Regarding Paragraph 40, Defendant denies the allegations.

41. Regarding Paragraph 41, Defendant only admits that Plaintiff alleges damages to include prejudgment interest, court costs and post-judgment interest; otherwise, Defendant denies that Plaintiff is entitled to any relief from Defendant.

42.     Regarding Paragraph 42, Defendant denies that Plaintiff has asserted a cause of action against Defendant for which he can recover attorney's fees.  Defendant also denies that Plaintiff is entitled to any relief from Defendant.

## B.  AFFIRMATIVE DEFENSES

43.     Defendant generally denies within the contemplation of Texas Rule of Civil Procedure 92 each and every, all and singular, the allegations of Plaintiff's claims and causes of action, and respectfully requests the Court to require Plaintiff to prove his charges and allegations by a preponderance of the evidence as required by the Constitution and the laws of the State of Texas.

44.     Defendant alleges that at the time and place and on the occasion in question, Plaintiff failed to exercise that degree of care that an ordinary prudent person in the exercise of ordinary care would have exercised in the same or similar circumstances, and such failure proximately caused or contributed to cause the occurrence made the basis of this suit.  Defendant pleads comparative and contributory negligence pursuant to Section 33 of the TEXAS CIVIL PRACTICES & REMEDIES CODE.

45.     Defendant pleads the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, and request that the Court expressly direct the trier of fact to determine the percentage of responsibility of each Plaintiff, Defendant, Settling Person and Responsible Third Party.

46.     Defendant says that the occurrence in question, as well as the damages complained of herein, were proximately caused or producingly caused, in whole or in part, by the actions, omissions, fault, negligence, responsibility or other conduct of other parties and/or responsible third parties over whom Defendant is not legally responsible under law and over whom Defendant had no right of control.

47. Defendant would show that Defendant breached no duty to Plaintiff. Defendant would show that the alleged risk of harm to Plaintiff was not within the scope of any duty of Defendant, nor was it foreseeable.

48. To the extent that the medical expenses and/or health care expenses exceed the amount actually paid on behalf of Plaintiff, Defendant asserts the statutory defense set forth in Texas Civil Practice & Remedies Code § 41.0105. Recovery of medical and/or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

49. Defendant pleads the defense set forth in Texas Civil Practice & Remedies Code §18.091, requiring Plaintiff to prove his loss of earnings and/or loss of earning capacity in the form that represents his net loss after reduction for income tax payments or unpaid tax liability on said loss of earnings claim pursuant to any federal income tax law. Additionally, Defendant requests the Court to instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff, if any, is subject to federal and state income taxes.

50. Pleading further, and with respect to the exemplary and/or punitive damage claims brought herein, Defendant affirmatively pleads the limitation on the recovery of exemplary damages prescribed and set forth in the TEX. CIV. PRAC. & REM. CODE §§41.007 and 41.008.

51. Pleading further, and with respect to any claim for exemplary and/or punitive damages herein, Defendant specifically pleads that such claims are governed by the evidentiary standard of clear and convincing evidence as prescribed and set forth in the TEX. CIV. PRAC. & REM. CODE §41.003.

52. Defendant respectfully request a trial by jury.

## C.  CONCLUSION AND REQUEST FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Defendant DEREK CRIDDLE respectfully requests this Court to dismiss with prejudice Plaintiff's claims and lawsuit on the merits; to award Defendant cost and disbursements as provided by law; and for all such other and further relief, both at law and in equity, to which Defendant may be justly entitled.

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, LLP**

By: _____
  **MARIA L. FOX**
  Federal Bar No.: 11780
  State Bar No.: 07335250
2727 Allen Parkway, Suite 1880
Houston, Texas 77019
Telephone: (713) 362-8307
Facsimile: (713) 362-8302
Email: mfox@feesmith.com

**ATTORNEYS FOR DEFENDANTS,
Z RESORTS MANAGEMENT, LLC,
LEE MAYS AND DEREK CRIDDLE**

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record as listed below by e-filing, hand delivery, by certified mail, return receipt requested, and/or by facsimile transmission, on this the 30th day of July, 2018.

David E. Buckley
The Buckley Law Group
1811 Bering Dr., Suite 300
Houston, Texas 77057

S. Reed Morgan
Alexander Douglas McSwain
The Carlson Law Firm
100 E. Central Texas Expressway
Killeen, Texas 76541

Jennifer F. Callan
James C. Butt
City of Houston Legal Department
9000 Bagby, 3rd Floor
Houston, Texas 77002

_____
**MARIA L. FOX**