IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS RODRIGUEZ, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| HOTEL ZAZA HOUSTON, | § | |
| Z RESORTS MANAGEMENT, LLC | § | Cause No.4:18-cv-00729 |
| LEE MAYS, DEREK CRIDDLE, | § | |
| TERRANCE PHELPS, S.A. DUVALL | § | |
| AND SOVEREIGN SERVICES OF | § | |
| HOUSTON | § | |
|     Defendant. | § | |

### DEFENDANT S.A. DUVALL'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant S.A. DUVALL files this his Answer to Plaintiff's Amended Complaint [Doc. #26]. In support of said answer, Defendant Duvall would respectfully show the Court as follows:

### I.    ANSWER

1. With respect to the introductory paragraph, no response is needed by Defendant Duvall.

2. Concerning the allegations in paragraph 1, Defendant Duvall admits that Plaintiff brings suit as Carlos Rodriguez; but is without knowledge or information sufficient to form a belief as to the truth of his residence as alleged and those matters are denied at present.

3. Concerning the allegations in paragraph 2, Defendant Duvall admits that Plaintiff brings suit against Hotel Za Za; but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and those matters are denied at present.

4. Concerning the allegations in paragraph 3, Defendant Duval admits that Plaintiff brings suit against Z Resort Management, LLC; but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and those matters are denied at present.

5. Concerning the allegations in paragraph 4, Defendant Duval admits that Plaintiff brings suit against Sovereign Services of Houston; but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and those matters are denied at present.

6. Concerning the allegations in paragraph 5, Defendant Duval admits that he was working as an off-duty HPD officer at the time in question. As to the remainder of the allegations, Defendant Duvall denies the same.

7. Concerning the allegations in paragraph 6, Defendant Duval admits that Plaintiff brings suit against Mays, Criddle and Phelps; but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and those matters are denied at present.

8. Concerning the allegations in paragraphs 7 and 8, Defendant Duval denies the same.

9. Concerning the allegations in paragraph 9, Defendant Duval admits that he responded, with hotel security, to a complaint involving the room that Plaintiff was found in on the day in question. As to the remainder of the allegations, Defendant Duval is without knowledge or information sufficient to form a belief as to the truth of the matter alleged and those matters are denied at present.

10. Concerning the allegations in paragraph 10, Defendant Duval denies the same.

11. Concerning the allegations in paragraph 11, Defendant Duval is without knowledge or information sufficient to form a belief as to the truth of the matters alleged and those matters are denied at present.

12. Concerning the allegations in paragraphs 12 and 13 Defendant Duvall denies the same.

13. Concerning the allegations in paragraph 14, Defendant Duval admits that he was not wearing a HPD uniform at the time in question and admits that he was visibly wearing his HPD badge around his neck. As to the remainder of the allegations, Defendant Duval denies the same.

14. Concerning the allegations in paragraph 15, Defendant Duval denies the same.

15. Concerning the allegations in paragraph 16, Defendant Duval denies that his is subject to suit because he is cloaked by immunity (official immunity and qualified immunity). As to the remainder of the allegations, Defendant Duval denies the same.

16. Concerning the allegations in paragraphs 17, 18, 19 and 20, Defendant Duval is without knowledge or information sufficient to form a belief as to the truth of the matters alleged and those matters are denied at present.

17. Concerning the allegations in paragraph 21, Defendant Duval admits that he responded, with hotel security, to a complaint involving the room that Plaintiff was found in on the day in question. As to the remainder of the allegations, Defendant Duval denies the same.

18. Concerning the allegations in paragraph 22, Defendant Duval is without knowledge or information sufficient to form a belief as to the truth of the matters alleged and those matters are denied at present.

19. Concerning the allegations in paragraph 23, Defendant Duval denies that Plaintiff is entitled to any damages, including punitive damages. As to the remainder of the allegations, Defendant Duval denies the same.

20. Concerning the allegations in paragraph 24, Defendant Duval admits that this Court has supplemental jurisdiction to hear state law claims; however, Defendant Duval denies that his is liable under any state law tort claim theory alleged in Plaintiff's Amended Complaint because he is cloaked by immunity (official immunity and qualified immunity). Defendant Duval also admits

that jurisdiction is proper in this Court under 28 U.S.C. §§1331 and 1367(a) as well as under 42 U.S.C. §1983 because Plaintiff's claims against him arise under federal law (e.g., 4th Amendment) even though not characterized as such because has Plaintiff has artfully amended his complaint to omit language of federal question in an attempt at forum manipulation. As to the remainder of the allegations, Defendant Duval denies the same.

21. Concerning the allegations in paragraph 25, Defendant Duval admits the same.

22. Concerning the allegations in paragraph 26, Defendant Duval admits that Plaintiff was on the property known as Hotel Za Za on January 1, 2016. As to the remainder of the allegations, Defendant Duval is without knowledge or information sufficient to form a belief as to the truth of the matters alleged and those matters are denied at present.

23. Concerning the allegations in paragraph 27, Defendant Duval is without knowledge or information sufficient to form a belief as to the truth of the matters alleged and those matters are denied at present.

24. Concerning the allegations in paragraph 28, Defendant Duval admits that Plaintiff was on the property known as Hotel Za Za on January 1, 2016. As to the remainder of the allegations, Defendant Duval denies the same.

25. Concerning the allegations in paragraph 29, Defendant Duval denies the same.

26. Concerning the allegations in paragraphs 30 and 31, Defendant Duval denies the same.

27. Concerning the allegations in paragraphs 32, 33, 34, 35 and 36, Defendant Duval is without knowledge or information sufficient to form a belief as to the truth of the matters alleged and those matters are denied at present.

28. Concerning the allegations in paragraph 37, Defendant Duval denies that Plaintiff is entitled to any damages, including punitive damages. As to the remainder of the allegations, Defendant Duval denies the same.

29. Concerning the allegations in paragraph 38, including subparagraphs 1,2,3,4,5, 6, 7, 8 and 9, Defendant Duval is without knowledge or information sufficient to form a belief as to the truth of the matters alleged and those matters are denied at present.

30. Concerning the allegations in paragraph 39, including subparagraphs a, b, c, d and e, Defendant Duval denies the same.

31. Concerning the allegations in paragraph 40, including subparagraphs a, b, c, d, e, and f, Defendant Duval denies that Plaintiff is entitled to any damages, including punitive damages. As to the remainder of the allegations, Defendant Duval denies the same.

32. Concerning the allegations in paragraph 41, Defendant Duval denies that Plaintiff is entitled to any damages. As to the remainder of the allegations, Defendant Duval denies the same.

33. Regarding paragraph 42, Defendant Duval denies that Plaintiff has asserted a cause of action against him for which he can recover attorney's fees.

34. With respect to the paragraph entitled prayer, Defendant Duval denies that Plaintiff is entitled to any damages.

35. Defendant Duval denies all previously unanswered allegations contained in Plaintiff's Amended Complaint [Doc. #26].

## II. DEFENSES

Defendant Duval states the following defenses:

36. Defendant Duval states that Plaintiff's Amended Complaint [Doc. #26] fails to state a cause of action against this defendant upon which relief may be granted. Defendant Duval states that

Plaintiff has failed to state an actionable claim against him, upon which relief may be granted, under U.S. Constitution; 42 U.S.C. §1983 or any Texas state law because he is cloaked by immunity (official and qualified immunity)

37. Defendant Duval states that reasonable suspicion existed that Plaintiff had committed a criminal offense, justifying his detention.

38. Defendant Duval states that at all relevant times, that probable cause existed to detain and arrest Plaintiff for violations of criminal laws committed in his view and presence.

39. Defendant Duval states that the detention of Plaintiff was conducted lawfully, without any intent to injure Plaintiff, was objectively reasonable and did not violate clearly established law of which a reasonable person would have known.

40. At the time of the incident in question, Defendant Duval was a peace officers employed by the City of Houston as a police officer. Defendant Duval is entitled to qualified and official immunity from suit and from damages in this lawsuit because he acted without malice, without an intent to deprive Plaintiff of any clearly established rights, with a reasonable good faith belief that his actions were lawful, proper and within as well as pursuant to the scope of his discretionary authority as a police officer; and he did not violate clearly established law of which a reasonable person would have known.

41. Defendant Duval states that at all relevant times, he acted in "good faith," as that term is used in Texas jurisprudence relating to the defense of official immunity, and he is entitled to official immunity as to Plaintiff's state law claims.

42. Defendant Duval states that he cannot be liable to Plaintiff as a matter of law as to his purported state law claims because the acts that this officer is alleged to have performed or failed

to perform are discretionary powers for which he enjoys official immunity under §101.056, Texas Civil Practice & Remedies Code.

43. Defendant Duval states that he cannot be liable to Plaintiff regarding his state law claims because this officer was acting within the course and scope of his public duties in the performance of a governmental function, and when an employee acts in such a capacity, that employee's liability can be no greater than that of the municipality.

44. Defendant Duval states that at all relevant times, he was a public servant. As a public servant of a governmental unit who acted in the course and scope of his authority, his liability, if any, as to Plaintiff's state law claims is limited as set forth in §108.002, Texas Civil Practice & Remedies Code.

45. Defendant Duval states that at all relevant times, he used only the amount of force was objectively reasonable and did not violate clearly established law of which a reasonable person would have known.

46. Defendant Duval states that all force used by him on the date of the incident in question was reasonable, necessary and justified as a result of Plaintiff's actions or omissions.

47. Defendant Duval states that Plaintiff's claims for punitive damages against him cannot be sustained to the extent such are not subject to a fact-specific, reasonable limit. Without waiving any defense, Defendant Duval states that any award of punitive damages must be based only on the specific facts of this case and each defendant's own acts and omissions, if any, related thereto. Any award of punitive damages which do not bear a reasonable relationship to the specific facts of this case, and which are not limited in specific relation to those facts of each defendant's own

acts or omissions, if any, would violate each officer's due process rights guaranteed by the 14th Amendment to the U.S. Constitution.

48. Without waiving any defense, Defendant Duval states that any award of punitive damages based on anything other than each defendant's own conduct as alleged in Plaintiff's pleadings upon which Plaintiff goes to trial would violate the due process clause of the 14th Amendment to the U.S Constitution and the due process provision of the Texas Constitution because any other basis for awarding punitive damages in this case would not protect each officer against impermissible multiple punishment, and could result in an unjust windfall to Plaintiff.

49. Defendant Duval states that Plaintiff's own actions and/or negligence were the sole cause or alternatively, the proximate cause of the occurrence or incident in question and of any alleged resulting damages.

50. Defendant Duval specifically and affirmatively pleads and claims all of the exemptions and exceptions from, and limitation on, suit and liability provided by the Texas Tort Claims Act, § 101.001, et seq., through §101.109, Texas Civil Practice and Remedies Code.

51. Defendant Duval states that he cannot be liable to Plaintiff as a matter of law as to his purported state law claims because the acts that he is alleged to have performed or failed to perform are discretionary powers for which he enjoys official immunity under §101.056, Texas Civil Practice & Remedies Code.

52. Defendant states that at all relevant times, he was a public servant. As public servants of a governmental unit who acted in the course and scope of his authority, his liability, if any, as to Plaintiff's state law claims is limited as set forth in §108.002, Texas Civil Practice & Remedies Code.

53. Defendant Duval states that he is entitled to dismissal of Plaintiff's claims arising under Texas law in accordance with §101.106(f), Texas Civil Practice & Remedies Code.

54. Defendant Duval states that Plaintiff's contributory negligence and/or actions were the cause of the injuries of which he now complains.

### III.     ATTORNEY FEES

55. Defendant Duval would show that the claims asserted by Plaintiff against him in this lawsuit are frivolous, unreasonable or groundless. A prevailing defendant is entitled to attorney's fees in a civil rights action when a plaintiff's underlying claim is frivolous, unreasonable or groundless. *Walker v. City of Bogalusa*, 168 F.3d 237, 239 (5th Cir. 1999). A suit is "frivolous" for purposes of civil rights attorney fee statute, if it is so lacking in arguable merit as to be groundless or without foundation. *Id* at 240. Defendant Duval seeks to recover his reasonable and necessary attorney's fees as prevailing party pursuant to 42 U.S.C. §1988 in defending against Plaintiff's frivolous claim asserted in this lawsuit.

### IV.     JURY DEMAND

56. Defendant Duval demands a trial by jury.

### V.     RESERVATION OF RIGHTS

57. Defendant Duval reserves the right to amend or supplement this Answer at a later date.

WHEREFORE, PREMISES CONSIDERED, Defendant S.A. DUVAL prays that Plaintiff take nothing by his suit, that Defendant Duval recover his costs and all other relief that this defendant may be justly entitled to at law or in equity.

Respectfully submitted,

RONALD C. LEWIS
City Attorney

DONALD J. FLEMING
Section Chief, Labor, Employment, & Civil Rights

Date: July 31, 2018.  By:  */s/ Jennifer F. Callan*
JENNIFER F. CALLAN
Senior Assistant Attorney
State Bar No. 00793715
Fed. Bar No. 22721
Jennifer.Callan@houstontx.gov
Tel. (832) 393-6286

JAMES C. BUTT
Senior Assistant City Attorney
State Bar No. 24040354
Fed. Bar No. 725423
Jim.Butt@houstontex.gov
Tel. (832) 393-6320

CITY OF HOUSTON LEGAL DEPARTMENT
P.O. BOX 368
Houston, Texas 77001-0368
Main (832) 393-6491
Fax (832) 393-6259

ATTORNEYS FOR DEFENDANT DUVALL

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following:

    S. Reed Morgan
    Alexander Douglas McSwain
    The Carlson Law Firm
    100 E. Central Texas Expressway
    Killeen, Texas 76541

    David E. Buckley
    The Buckley Law Group
    1811 Bering Drive, Suite 300
    Houston, Texas 77057

    Maria Fox
    2727 Allen Parkway, Suite 1880
    Houston, Texas 77019

                                           */s/ Jennifer F. Callan*
                                           Jennifer F. Callan