United States District Court
Southern District of Texas
**ENTERED**
January 04, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS RODRIGUEZ, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:18-CV-729 |
| HOTEL ZAZA HOUSTON, *et al*, | § § | |
| Defendants. | | |

## ORDER

Before the Court are Plaintiff's Motion to Remand (the "Motion") (Doc. #13), the Response (Doc. #16), and the Reply (Doc. #17). Having reviewed the parties' arguments and applicable legal authority, the Court grants the Motion.

Plaintiff filed his original petition in the 151st Judicial District Court of Harris County, Texas, on January 23, 2017, asserting various state law claims. Doc. #1, Ex. D at 2–6. On December 22, 2017, Plaintiff amended his petition to add federal law claims, among other things. *Id.* at 119–28. Subsequently, Defendant S. A. Duvall removed the action to this Court on March 7, 2018. Doc. #1. After Plaintiff sought leave to amend his complaint, the Court granted Plaintiff's request from the bench on July 6, 2018, and Plaintiff filed his Amended Complaint on July 25, 2018. Doc. #26. Now, Plaintiff moves to remand this action to the 151st Judicial District Court of Harris County, Texas, because any and all federal claims have been removed from his Amended Complaint.

Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims

1

that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Further, "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* at § 1367(c). Additionally, district courts may weigh "the common law factors of judicial economy, convenience, fairness, and comity" when determining whether to exercise supplemental jurisdiction over claims. *Enochs v. Lampasas County*, 641 F.3d 155, 158–59 (5th Cir. 2011).

Here, Plaintiff's Amended Complaint no longer contains language regarding any federal law claims that could provide a basis for federal question jurisdiction. *See* 28 U.S.C. § 1331; Doc. #26. Further, neither party argues that complete diversity exists in this action. *See* 28 U.S.C. § 1332. The only claims remaining in this action are state law claims. Accordingly, because the statutory Section 1367 factors and the common law factors of judicial economy, convenience, fairness, and comity weigh in favor of remanding Plaintiff's remaining state law claims, the Court declines to exercise supplemental jurisdiction over those claims. The Motion is hereby GRANTED, and this action is REMANDED to the 151st Judicial District Court of Harris County, Texas.

It is so ORDERED.

January 3, 2019
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge